UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| TONYA DAVIS, | ) CV 10-6025-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL J. ASTRUE, COMMISSIONER, | ) ) |
| | ) |
| Defendant, | ) |
| | ) |
| _____ | ) |

INTRODUCTION

Plaintiff applied for SSI benefits on July 28, 2008, alleging disability as of July 23, 2008. Having thereafter exhausted her administrative remedies following denial of her claim, plaintiff filed a Complaint on August 12, 2010. The parties filed their respective briefs, however plaintiff did not file a Reply brief. The

1

parties having consented to the jurisdiction of the magistrate judge, the matter was taken under submission.

Plaintiff raises two alleged legal errors in the Commissioner's decision. As discussed below, neither claim of error has merit.

1. <u>The ALJ correctly found that plaintiff did not suffer from a severe mental impairment.</u>

Plaintiff asserts that the finding that plaintiff suffered from no "severe" mental impairment was erroneous.

Plaintiff, at the hearing before the ALJ, complained of anxiety and panic attacks during the preceding four months. A.R. 21, 37. There was no evidence of the medical record that plaintiff had received any treatment for anxiety. Her treating physician, Dr. Carpenter, did not indicate that plaintiff had any mental limitations. (A.R. 147-149, 233-35). The record is devoid of any mental status exam or psychological testing.

Indeed, in her application for benefits, plaintiff complained only of physical impairments.

Although plaintiff later reported depression and anxiety to the examining physician, Dr. Nassir, he conducted no mental status examination. He did no more than accept plaintiff's self-reporting of mental symptoms. AR 226-229. Moreover, his examination of plaintiff in 2010 was obtained four months after the ALJ's decision had been issued. Thus, the opinion was outside the relevant time period for an SSI application, namely the period between the date of alleged onset (July 23, 2008) through the date of the ALJ's decision, November 6, 2009. 20 C.F.R. Sec. 416.1470(b) (2010).

///

In sum, because no medical records established any mental limitations or identified any clinical mental findings, plaintiff failed to meet her burden of showing a severe mental impairment. While the court recognizes that a severity finding requires that an impairment have only more than a minimal impact on ability to work, here the ALJ properly concluded that plaintiff did not show that she suffered from a severe mental impairment. Although the ALJ's comment (A.R. 21) to the effect that plaintiff exhibited no signs of mental impairment at the hearing was improper, the fact remains that there was no relevant medical opinion or findings upon which the ALJ could have reasonably concluded that plaintiff suffered a severe mental impairment.

2. The Rejection of the Opinion of the Treating Physician was Proper.

The ALJ rejected the opinion of Dr. Carpenter, plaintiff's sole treating physician. Dr. Carpenter opined on plaintiff's physical impairment of degenerative disc disease. Dr. Carpenter opined on plaintiff's physical limitations. AR 147-49.

However, the ALJ correctly found that Dr. Carpenter's assessment of plaintiff's physical limitations was not supported by progress notes, and was countered by the results of a consultative exam performed by Dr. Sadasivam (AR 25, 204-209). Dr.Carpenter's treatment records revealed that plaintiff's impairments were controlled or mild. Treatment records revealed no neurological deficits. AR. 24. In a note dated December 18, 2009, Dr. Carpenter did not indicate degenerative disc or joint disease. The treatment records simply did not support the limitations which she assessed. A December 10, 2009 radiology report showed only mild degenerative disc disease in the right hip.

On the other hand, Dr. Sadasivam's exam results did not support disabling physical limitations. AR 24-25. The ALJ was entitled to rely on the alternative and independent clinical findings, which included only a mildly reduced range of motion in the back, a normal range of motion in hips, ankles and feet, and a

normal neurological exam. AR 208). Tonapetyan v. Halter, 242 F. 3rd 1144, 1149 (9th Cir. 2001).

Dr. Boetcher's non-examining consultative opinion constituted additional evidence to support the ALJ's findings. AR 211-15.

CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed, and plaintiff's Complaint is dismissed.

DATED: March 11, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE